UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM LEE BANKS** | **CIVIL ACTION NO. 3:12-cv-0013** |
| **LA. DOC #119639** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner William Lee Banks filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 5, 2012. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary. Petitioner attacks 1991 conviction for aggravated rape in Louisiana's Third Judicial District Court, Union Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals.

*Background*

Petitioner was convicted of aggravated rape following trial by jury in the Third Judicial District Court in January 1991 in a matter assigned Docket Number 30,430 of that court. His conviction was affirmed on direct appeal by the Second Circuit Court of Appeals. *State v. Banks*, 590 So.2d 836 (La. App. 2 Cir. 1991). He did not seek further direct review in Louisiana's Supreme Court.

On July 2, 1994, he applied for post-conviction relief in the Third Judicial District Court; his

application was denied by the district court on May 2, 1995, by the Second Circuit Court of Appeals on June 10, 1999, and by the Louisiana Supreme Court on November 24, 1999. *State of Louisiana ex rel. William L. Banks v. State of Louisiana*, 99-2064 (La. 11/24/99), 750 So.2d 985.

On December 4, 2000, he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 in this Court raising claims of (1) misidentification; (2) illegal identification procedures; (3) admission of other crimes evidence; and, (4) ineffective assistance of counsel. That petition was assigned Civil Action No. 3:00-cv-2673, and, on January 25, 2001, United States Magistrate Judge James D. Kirk recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. §2244(d)(1).[1] Petitioner did not object and on March 5, 2001, United States District Judge Robert G. James adopted the recommendation and rendered judgment dismissing the petition with prejudice as time-barred. [3:00-cv-2673 at Doc. 7] Petitioner did not appeal.

Petitioner filed a second round of state post-conviction litigation in September 2010. That petition was denied by the District Court and, on December 16, 2010, the Second Circuit Court of Appeals denied writs having found this proceeding time-barred by the provisions of La. C.Cr.P. art. 930.8. *State of Louisiana v. William L. Banks*, 46,204-KH (La. App. 2 Cir. 12/16/2010). Petitioner's subsequent writ application was then denied by the Louisiana Supreme Court on December 2, 2011. *State of Louisiana ex rel. William L. Banks v. State of Louisiana*, 2011-KH-0289 (La. 12/2/2011).

---

[1] Magistrate Judge Kirk noted that since petitioner's judgment of conviction became final before the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), he had until April 24, 1997 to file his petition. Magistrate Judge Kirk afforded petitioner the benefit of the doubt with respect to statutory tolling as provided by §2244(d)(2), but noted that petitioner's state collateral attack ceased to be pending on November 24, 1999 when the Louisiana Supreme Court denied writs. The Magistrate Judge concluded that petitioner had until November 24, 2000, to file his petition, and, since petitioner did not file his federal habeas petition until December 1, 2000, at the earliest, Kirk recommended dismissal. [See 3:00-cv-2673 at Doc. 6]

He filed the instant petition for *habeas corpus* on January 5, 2012, claiming that he lacked the mental capacity to proceed to trial; and that his attorney rendered ineffective assistance. Thereafter, he filed an amended petition challenging an illegal search and seizure and errors concerning the State's use of peremptory challenges.

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* Furthermore, the Fifth Circuit has determined that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

The first *habeas corpus* petition filed by petitioner in 2000, *Banks v. Warden*, Civil Action No. 3:00-cv-2673, was, as shown above, dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d). Such a dismissal constitutes an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *In re Flowers*, 595 F.2d 204, 205 (5th Cir.2009) (*per curiam*). The instant petition, which attacks the same conviction and sentence, is

therefore subject to the prohibition against second or successive *habeas* petitions codified at §2244(b). As previously noted, before a *habeas* petitioner may file a second or successive application in the district court, he must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization. Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

*In re Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. *Epps* does not mandate the transfer of successive *habeas corpus* petitions to the Fifth Circuit; it does, however, imply that transfer may be appropriate in some cases, and it adopts a procedure to be used when a successive petition filed without prior authorization is transferred to the court of appeals by the district court. *Id.* Transfer of this case is appropriate and authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's second and successive habeas petition until such time as the Court of Appeals authorizes such a filing.

Therefore,

**IT IS RECOMMENDED** that petitioner's second and successive petition for writ of *habeas corpus* be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, March 12, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE